IN RE: APPEAL OF MEDICAL CENTER (BOWMAN GRAY SCHOOL OF MEDICINE OF WAKE FOREST UNIVERSITY AND NORTH CAROLINA BAPTIST HOSPITALS, INC.) FROM THE DECISION OF THE NORTH CAROLINA STATE BUILDING CODE COUNCIL

No. 8721SC1080

(Filed 2 August 1988)

Statutes § 5.5— State Building Code—height of building measured in feet or stories

An exception of the N. C. State Building Code allowing for a less fire resistant type of construction applied only to business/mercantile buildings of unlimited height but fewer than eight stories, since the number of stories, rather than the height in feet, largely determined the "fire load" of a building

and thus the necessity for greater fire resistance; therefore, petitioner's request to construct an eleven-story building 187 feet tall in compliance with the less fire resistant requirements of the Code was properly denied.

APPEAL by petitioner from *Cornelius (J. Preston), Judge.* Order entered 12 October 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 31 March 1988.

*Womble Carlyle Sandridge & Rice, by Roddey M. Ligon, Jr., for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angeline M. Maletto, for respondent-appellee.*

GREENE, Judge.

In early 1987, petitioner Medical Center (consisting of Bowman Gray School of Medicine of Wake Forest University and North Carolina Baptist Hospitals, Inc. and hereinafter called "petitioner") submitted plans for a high-rise building to the Engineering Division of the North Carolina Department of Insurance (the "Department"). Petitioner sought to construct a business occupancy facility which would be approximately 187 feet tall with eleven stories and 307,548 square feet of space. Based upon its interpretation of Section 402.2(f) of the North Carolina State Building Code (the "Code"), petitioner proposed to construct its building to comply with the fire resistance requirements of the Code's "Type II" construction. Section 402.2(f) of the Code states:

Business (B) and Mercantile (M) Occupancies of Type II Construction — The *height* of Business (B) and Mercantile (M) Occupancies of Type II construction *shall not be limited* provided the fire-resistance of all columns shall be not less than three (3) hours and the other structural members including floors shall be not less than shown in Chapter VI, but in no case less than two (2) hours except that roofs shall be of not less than one and one-half (1½) hours fire-resistive construction. [Emphasis added.]

The Department informed petitioner that its building could not be designed for Type II construction since Table 400 of the Code required that all such buildings exceeding eighty feet or eight stories be designed for more fire-resistant Type I construc-

tion. The Department interpreted Section 402.2(f) to allow Type II construction only for business/mercantile buildings of unlimited height *measured in feet*—not measured by stories. Petitioner appealed the Department's position to the Building Code Council (the "Council") pursuant to N.C.G.S. Sec. 143-141 (1987). After the Council unanimously affirmed the Department's interpretation, petitioner appealed the Council's ruling to the Forsyth County Superior Court under Section 143-141(d). The Superior Court found no grounds to reverse or modify the Council's decision under N.C.G.S. Sec. 150B-51 (1987) and therefore affirmed the Council in all respects. Petitioner appeals.

------

At the outset, we note petitioner's lone exception and assignment of error merely assert the court erroneously affirmed the Council's decision to require petitioner's building be designed for Type I construction. Our review is limited to the exceptions and assignments of errors set forth to the Superior Court's order. *See Watson v. North Carolina Real Estate Comm'n*, 87 N.C. App. 637, 362 S.E. 2d 294, 296 (1987); N.C.R. App. P. 10(a). The only argument set forth in petitioner's brief is that the Council's interpretation of Section 402.2(f) defies that section's "plain language" and is thus "contrary to law." *Cf.* N.C.G.S. Sec. 150B-51(b)(4) (1987) (court may reverse or modify agency decision "affected by other error of law"); N.C.R. App. P. 28(a) (questions not discussed in brief are deemed abandoned).

Thus, the sole issue presented for review is whether Section 402.2(f) relaxes Type I construction standards for all business/mercantile buildings—regardless of how the building's height is measured—or whether Section 402.2(f) instead only modifies fire resistance requirements for business/mercantile buildings of eight stories or less. Petitioner's interpretation of Section 402.2(f) and Table 400 of the Code is simple: (1) Section 402.2(f) states the "height" of business occupancy buildings of Type II construction shall not be limited provided the structures meet certain other fire resistance requirements; (2) Table 400 and the definitions of Section 201 of the Code recognize "height" may be measured both in absolute "vertical distance" from the ground as well as by the number of "stories" measured from floor to ceiling; (3) since Section 402.2(f) does not in any way qualify its use of the term "height," a building may exceed both the normal "height-in-feet"

and "story" limits of Type II business/mercantile buildings so long as its fire construction otherwise complies with the standards of Section 402.2(f). Petitioner accordingly asserts the Superior Court should have simply adopted this alleged "plain meaning" of Section 402.2(f) "without resorting to subtle and forced construction for the purpose of . . . limiting [its] operation." (quoting *Nance v. Southern Rwy.*, 149 N.C. 366, 372, 63 S.E. 116, 118-19 (1908) ).

However, the settled rule of construction regarding "plain meaning" is that "words should be given their plain and ordinary meaning unless the context, or history of the statute, requires otherwise." *State v. Wiggins*, 272 N.C. 147, 153, 158 S.E. 2d 37, 42 (1967), *cert. denied*, 390 U.S. 1028, 20 L.Ed. 2d 285 (1968); *see also In re Medical Center*, 82 N.C. App. 414, 346 S.E. 2d 193 (1985). Given the general purposes of the Code, the specific context of Section 402.2(f) and the special expertise and responsibilities of the Council, we conclude the trial court correctly rejected petitioner's "plain language" construction and affirmed the Council's interpretation that Section 402.2(f) modifies fire resistance requirements only for business/mercantile buildings of eight stories or less.

Section 143-138(c) requires that the Code and its regulations be liberally construed to effect the ends of public health, safety, morals or general welfare. N.C.G.S. Sec. 143-138(c) (1987). The Legislature has specifically imposed on the Council the obligation to prepare, adopt and amend the Code and to interpret its provisions on appeal from enforcement agencies. E.g., N.C.G.S. Sec. 143-138(a), (d) (1987) (authorizing Council to prepare and amend Code); Sec. 143-141(b) (authorizing Council to interpret Code in hearing appeals from enforcement agencies). As the Council itself promulgated the exception on which petitioners rely, the Council's interpretation of that exception must be given due consideration. *See In re Broad and Gales Creek Community Ass'n*, 300 N.C. 267, 275, 266 S.E. 2d 645, 651 (1980).

In its brief, the Council has elaborated the purposes behind its classification of construction as "Type I" and "Type II." Type I construction provides greater protection against fire than does Type II construction. Thus, Type II construction is reserved for buildings which are used by fewer occupants or for fewer purposes and which may accordingly be safely protected with less

fire-resistant construction. The maximum possible heat generated by a building fire (its "fire load") is a function of the building's height in feet, occupancy use, and number of stories. As the number of stories increases, so does the potential number of occupants and uses and thus the building's fire load increases. Conversely, a design with fewer stories results in a decreased fire load since the decreased square footage created allows fewer occupants or uses — regardless of the building's height in feet. For example, an airport control tower may be quite tall but have only one story and thus reduced occupancy usage. Since its fire load would thus be relatively minimal, it could safely be constructed to comply with Type II standards without diminishing fire protection for the building's occupants or the public.

Petitioner's emphasis on the "plain meaning" of the term "height" despite its context and purpose effectively abolishes more fire-resistant Type I construction for business/mercantile occupancy buildings. We decline to interpret the term "height" in a manner that would result in an exception to a fire resistance standard abolishing the standard itself. By contrast, the Council's interpretation simply allows greater flexibility in commercial building design without sacrificing fire safety: the exception under Section 402.2(f) allowing Type II construction applies only to business/mercantile buildings of unlimited height but fewer than eight stories since the difference in "fire load" produced by such additional height is minimal.

Accordingly, the Superior Court's judgment affirming the Council's interpretation of Section 402.2(f) of the Code is

Affirmed.

Judges BECTON and JOHNSON concur.